(120 App. Div. 465)

### MILNE v. INGERSOLL–SERGEANT DRILL CO.

(Supreme Court Appellate Division, Second Department.  June 7, 1907.)

BROKERS—REAL ESTATE AGENTS—ACTION FOR COMPENSATION—EVIDENCE.

Evidence, in an action for real estate broker's commission, *held* sufficient to show that he procured a purchaser on the terms named by defendant, and that the purchaser refused to enter a contract because defendant sought to vary the terms.

Appeal from Trial Term, Kings County.

Action by George Milne against the Ingersoll-Sergeant Drill Company.  Judgment for defendant, and plaintiff appeals.  Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Arnold Charles Weil, for appellant.

Wallace Macfarlane (Robert Grier Monroe, on the brief), for respondent.

JENKS, J. In this action for a real estate broker's commissions, the learned trial court, at the close of the case, directed a verdict for the defendant, saying that it thought that the plaintiff had failed to show that he had produced a purchaser willing to take on the terms the defendant had prescribed. The plaintiff excepted, and thereupon, under exception, was denied a submission to the jury of the question whether the plaintiff had procured in Mr. Sutphen a purchaser on the terms fixed by the defendant. We think that the exceptions were well taken. The learned and able counsel for the defendant writes in his points:

"The case, therefore, turns on this one point, whether his [the plaintiff's] proof showed that he had furnished a purchaser ready and willing to enter into an enforceable contract to buy on the terms prescribed by the defendant."

The employment of the plaintiff was undisputed. That the price of $195,000 cash was satisfactory to the defendant was admitted. There was evidence that the plaintiff procured Mr. Sutphen as purchaser on those terms. It is not asserted that any other terms, conditions, or limitations were specified to the plaintiff until after he had produced Mr. Sutphen. The evidence for the plaintiff is that, when he went to the attorney of the defendant to procure the contract for his purchaser at the latter's request, it was then stated for the first time that the premises were subject to a blanket mortgage, and that the only contract that the defendant would execute was conditional upon its securing the release of the premises from the trustees of such mortgage. It may be that such release would have been forthcoming, but to obtain it required the favorable action of the trustees who were residents of the kingdom of Great Britain. The defendant also gave testimony that afterward it offered to make an absolute contract, provided the time of the execution of the deed be deferred for more than 30 days, so sure was it of having the release mean time; but these circumstances do not necessarily free the defendant from liability to the plaintiff for his services. The terms communicated to the broker by the seller were a willingness to sell the property for $195,000 cash. If the seller could not convey good title to the premises unless they were relieved of the blanket mortgage, or if the seller was unwilling to execute a contract unless it provided for the delivery of the deed at a fixed date, provided the date were more than 30 days subsequent to the execution of the contract, then the seller should have informed the broker of such condition, and not have permitted him to go out to work on the supposition that he would earn his commission if he could procure a purchaser for the amount named in cash. In the absence of information, the broker could rightfully suppose that the property would be sold with the promptness and certainty that would attend the transfer of realty of clear title.

Under the evidence, the jury could have found that the plaintiff procured a purchaser upon the terms named by the defendant to the plain-

tiff, and that the purchaser refused to enter upon the contract because the defendant sought to vary the terms by the imposition of conditions of which the broker had no information, which he was not bound to foresee, and which had not been communicated to the purchaser until he stood ready to execute the contract. I think that the case is like in principle to Beebe v. Ranger, 35 N. Y. Super. Ct. 452; Hattenbach v. Gundersheimer (Com. Pl.) 13 N. Y. Supp. 814.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.